## WILLIAM WILLIAMS *vs.* JOHN H. CHENEY & another.

A promissory note given by a resident of this state for a premium on a policy of insurance made to him here by a foreign insurance company, who have not complied with the Rev. Sts. *c.* 37, and *St.* 1847, *c.* 273, § 2, is void in the hands of the company; although he is a mere agent for a citizen of another state, who is the owner of the property insured, and the policy is expressed to be " for whom it may concern."

An indorsee for value of a premium note given to a foreign insurance company, who have not complied with the laws of this state, cannot recover thereon, if he knew or had reasonable cause to know, when he took the note, that the company had not complied with such laws; and the fact that he was a director, treasurer and one of the executive com mittee of the company is sufficient evidence that he had reasonable cause of such knowledge.

ACTION OF CONTRACT on promissory notes made by the defendants to the Merchants' Mutual Insurance Company of Buffalo, N. Y., and by them indorsed to the plaintiff.

At the trial in the superior court of Suffolk, at January term 1856, before *Abbott*, J., the plaintiff introduced evidence tending to show the following facts : The notes in suit were given by the defendants for premiums of insurance on policies issued through an agent of the company, residing in Boston. The contracts for insurance were made with the agent in Boston, and the policies were there filled up and delivered by him, and the notes were also there made and delivered to him by the defendants. The defendants acted, in obtaining the policies, merely as insurance brokers for the owners of the property insured, who were citizens and residents of Maine. The defendants had no interest in the property, but were paid a commission for obtaining the insurance, and the policies were issued to them " for whom it may

concern," and made payable to them in case of loss. They had received from their principals the full amount of some of the notes, and their commissions, before the notes fell due. The notes were indorsed by the insurance company to the plaintiff before they were due, as security for a loan of money made by him to the company, which still remained unpaid.

The defendants introduced evidence that the insurance com pany was established in 1849, and began to do business through their agent in Boston in 1850, but had not complied with the provisions of Rev. Sts. c. 37, and St. 1847, c. 273; that the plaintiff was a large stockholder in the company from its origin, and a director and treasurer until after the giving and indorsing of these notes, and for three months previous to the taking of the notes was one of the executive committee, and took an active part in its management, though his duties related par- ticularly to its finances. The sole control and management of the business was by the charter vested in the directors. It was admitted that the plaintiff knew that the notes were taken by the agent in Boston for premiums on policies issued there by him.

The court instructed the jury " that if said insurance com- pany, at the time of issuing the policies through their agent in Boston, for the premiums on which the notes in suit were given, had not complied with the requirements of the laws of Massa- chusetts applicable to them, then said notes would be void, and could not be recovered by said insurance company; that it would make no difference, in this cause, that the policies of insurance were made on property belonging to citizens and residents of other states, provided said policies were made by said company's agent in Boston, and the contract of insurance was made there and with a citizen of this state, who gave the notes in suit for the premiums, and the policies were issued to him for the benefit of whom it might concern, payable to him in case of loss, although he was a mere broker for the owners of the property insured and had no interest therein, and was paid a commission for procuring such insurance; and that the fact that the defendants had been paid the full amount of any of the

notes in suit by the owners for whom they acted, before the ma-
turity of said notes, would not affect the question of their lia-
bility in this action."

The court further instructed the jury " that the plaintiff, having
taken the notes in suit before their maturity, would be entitled
to recover, unless the defendant satisfied them that he knew at
the time he took the same that they were given for premiums
on policies of insurance issued by the company in violation of
the laws of Massachusetts, or had reasonable cause to know it;
that from his relation to said insurance company, as director
and treasurer, he was presumed and bound to know the law of
this state applicable to the transaction of such business as said
company undertook to transact in this commonwealth ; and that
it being the duty of the directors, by the charter, to exercise the
entire control over the business of the company, the jury had
a right to find and presume from his position as director and
treasurer, and one of the executive committee of said company,
and his general connection with it, that he knew, or had reason-
able cause to know, that the officers of said company in New
York had not done the acts necessary to comply with the laws
of this state."

The jury returned a verdict for the defendants, and the plain-
tiff alleged exceptions.

*H. Jewell*, for the plaintiff.  1. The contracts of insurance were
valid contracts, upon which the real assured, the owners of the
property, might have maintained actions.   The form of the poli-
cies — " for whom it may concern " — shows that a principal was
known to exist.   The contracting parties were the insurance
company on one side and the non-resident owners on the other.
2 Arnould on Ins. § 433, Amer. note.  *Farrow* v. *Commonwealth
Ins. Co.* 18 Pick. 53.  *Reed* v. *Pacific Ins. Co.* 1 Met. 171.  *Hurl-
bert* v. *Pacific Ins. Co.* 2 Sumner, 471.

The Rev. Sts. *c.* 37, and the *St.* of 1847, *c.* 273, do not pro-
hibit such contracts.   They were passed for the protection of
the citizens of this commonwealth in the insurance of their
property.   Non-residents are not within their terms or spirit.
*Ilsley* v. *Merriam*, 7 Cush. 242.   *McNutt* v. *Bland*, 2 How. 9.

They are penal statutes, and not to be extended by implication.

It is clear that the owner might have got the insurance himself. He might have employed a non-resident agent to do so. Can he not also employ an agent resident in this state ? Could the company's agent, having made this contract to insure property of a non-resident, be indicted to recover the forfeiture specified in the Rev. Sts. *c.* 37, § 43.

After payment of the notes to the defendants, there can certainly be no objection of a want of consideration.

2. The ruling, that the situation of the plaintiff and his means of knowledge might be taken into consideration by the jury, was erroneous, in making negligence, and not good faith or actual knowledge, the test of his right to recover. *Raphael* v. *Bank of England,* 17 C. B. 161.

*C. E. Pike & B. Dean,* for the defendants.

DEWEY, J. This case has heretofore been before the court, and as to many of the questions arising thereon has been finally disposed of, as may be seen in 3 Gray, 215. Two points are now taken, which are supposed to be open upon the case as presented on the new trial which has been had before the jury.

1. It is said that, however true it may be that the policies, and the notes given as premiums therefor, would have been illegal, had the transaction taken place on the account of a resident of Massachusetts; yet such is not the case where the policies are really effected for a citizen of the State of Maine, through an agent residing in Boston, and the policies made, as the present were, " for the benefit of whom it may concern." Such a policy, it is said, enures to the benefit of the real party in interest, and may be sued in his name, and is therefore, although in form made in the name of his agent, yet in reality a contract with the principal, a citizen of Maine.

The first inquiry is therefore whether a policy made by a foreign insurance company, through an agent residing in Boston, solely for the benefit of a citizen of Maine, is illegal, if there has been a failure to comply with the provisions of our statutes regu-

18 *

lating foreign insurance companies, who may have established agencies in Massachusetts.

Looking at the general provisions on this subject in the Rev. Sts. c. 37, §§ 41–43, we should suppose that the statute had prohibited the establishment of foreign agencies here, for the purpose of making any insurance, unless they had previously complied with the provisions of our statutes as to filing and publishing certain statements of the business of the company, its funds, &c. Such positive prohibition would, without any penalty being annexed thereto, render the making of insurances here illegal. It is true, however, that in other sections of the statute, imposing a penalty upon the agent who should proceed to make and issue policies here, the case which subjects the agent to the penalty is that of making a contract for insurance within this state and with persons resident in this state. The St. of 1847, c. 273, is much to the like effect. Although this be so, yet if the general prohibition be broader and forbids making any policy through an agent residing in Massachusetts, that would have the like effect, and be equally fatal to this contract, as though forbidden under a penalty named. We are strongly of opinion that such was the intention and such the effect of the Rev. Sts. c. 37.

But if it were otherwise, the defence is equally well maintained. These contracts were actually made with a resident of Massachusetts. The defendant was the only party whose name appeared upon the policies. The plaintiff does not deal with him as agent, but as principal. He treats the notes given by the defendant for the premiums as his personal notes. Whatever rights might pass to others as to enjoying the fruits of the policies, in case a loss had occurred, it is no less true that the contracts were in fact made with a resident of Massachusetts, and are now sought to be enforced against him as his contracts. The defendant is therefore entitled to the full benefit of the defence arising under the provisions of the statute. The insurance company having neglected to comply with the requisitions of law, if the suit upon the notes were brought in the name of the company, this would constitute a good defence.

2. But the notes having been negotiated before they became due and payable, the further inquiry is whether the plaintiff is to be affected by this illegality in the contracts, and the notes avoided in his hands for that cause. It is conceded that the plaintiff knew, at the time he took these notes, that they were taken by an agent of the insurance company in Boston, for premiums on policies of insurance issued by such agent. The only further point to be established in the defence was, that the plaintiff knew that the policies were issued by the insurance company in violation of the laws of Massachusetts. The court instructed the jury, as to this, that the plaintiff was entitled to recover upon the notes, unless the plaintiff knew or had reasonable cause to know, that the notes were so given in violation of the laws of Massachusetts, and that from the facts shown, and particularly detailed in the charge to the jury, they had a right to find such knowledge, or reasonable cause to know, that the policies were issued in violation of the laws of Massachusetts. This ruling was, as we think, correct, and adapted to the case.

*Exceptions overruled.*